UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH CUEVAS,<br><br>      Plaintiff,<br><br>  -against-<br><br>OUR CHILDREN FIRST, INC.,<br><br>      Defendant. | **COMPLAINT**<br><br>**Docket No.: 19-cv-07322**<br><br><u>Jury Trial Demanded</u> |

JUDITH CUEVAS ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against OUR CHILDREN FIRST, INC. ("OCF" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at the time of hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - a Bronx-located community-based clinic that provides clinical services to children - - as a service coordinator "supervisor" from September 16, 2016 until July 16, 2018.   As described below, throughout her employment, Defendant intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL.   Specifically, for the entirety of her employment, despite not being able to hire or fire, or give any suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status with respect to the service coordinators that she supervised, Defendant routinely required Plaintiff to work in excess of forty hours each workweek while paying her a flat weekly salary, and thus intentionally failed to compensate her at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times her regular rate of pay for each hour that Plaintiff worked in a week in excess of forty.

3.      Furthermore, Defendant failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of Plaintiff's hire, both as the NYLL requires.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq.   The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6.     At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

7.     At all relevant times herein, Defendant was and a New York corporation with a principal place of business located at 3036 East Tremont Avenue, Bronx, New York 10461.

8.     At all times herein, Defendant was an "employer" within the meaning of the FLSA and the NYLL.  Additionally, during at least that time, Defendant's qualifying annual business exceeded $500,000.00, and Defendant was engaged in interstate commerce within the meaning of the FLSA, as it employed two or more employees, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and bought and used school materials, such as paper, pencils, and other school-related supplies, from outside of New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

9.     Defendant is a for-profit community-based clinic located in the Bronx, New York, which provides clinical services to children.

10.     On September 16, 2016, Defendant hired Plaintiff as a service coordinator supervisor, and Plaintiff worked in this role until Defendant terminated her employment on July 16, 2018.

11.     As a service coordinator supervisor, Plaintiff was responsible for supervising Defendant's other service coordinators.

12.     However, although Defendant assigned Plaintiff the title of "supervisor," Plaintiff neither possessed the authority to hire or fire any of Defendant's employees, including the service coordinators that she supervised, nor did she provide any input or recommendation into the hiring

3

or firing of any of Defendant's employees.  Defendant further failed to give any weight whatsoever to any input that Plaintiff was willing to provide with respect to prospective or current service coordinators, including any disciplinary matters involving the service coordinators that she supervised.  Plaintiff additionally never provided any suggestions or recommendations for the advancement of any employees within OCF, promotions for OCF employees that included change of job title or an increase in pay, or change of employment terms or conditions of any of the service coordinators or any other of Defendant's employees.

13.     Throughout her employment, Defendant scheduled and required Plaintiff to work five days per week, Mondays through Fridays, from 7:30 a.m. until 5:00 p.m., without a scheduled or uninterrupted break during the day, totaling forty-seven and one-half scheduled hours per week.

14.     For the entirety of her employment,  Defendant paid Plaintiff a flat annual salary of $55,000.00, which yields a weekly salary of $1,057.69, which was intended to compensate Plaintiff for only her first forty hours of work each week, and which yields a regular hourly rate of $26.44 per hour and an overtime rate of $39.66 per hour.

15.     Throughout her employment, Defendant did not pay Plaintiff at any rate of pay for any hours that she worked in a week in excess of forty, let alone at her overtime rate of pay.

16.     Defendant paid Plaintiff on a bi-weekly basis by check.

17.     On each occasion when Defendant paid Plaintiff, Defendant failed to furnish Plaintiff with a wage statement that accurately stated, *inter alia*, her actual number of hours worked in a week, her regular rate of pay, her overtime rate of pay, and the basis for computing Plaintiff's straight or overtime rates of pay.

18.     Additionally, Defendant did not provide Plaintiff with a wage notice at the time of her hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

4

19.     Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

20.     Each hour that Plaintiff worked was for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

21.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

23.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

24.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

25.     Defendant willfully violated the FLSA.

26.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

27.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the NYLL and the NYCRR*

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

31.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's overtime provisions.

32.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

33.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

34.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35.     NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

36.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

37.     As also described above, Defendant failed to furnish Plaintiff on each payday with a wage statement that accurately contained all of the criteria required under the NYLL.

38.     Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Notice in Violation of the NYLL*

39.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

41.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

42.     As also described above, Defendant failed to furnish Plaintiff with a wage notice at the time of her hire that accurately contained all of the criteria required under the NYLL.

43.     Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

44.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

      c.      All damages that Plaintiff has sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

      d.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      e.      Awarding Plaintiff her reasonable attorneys' fees, as well as her costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

      f.      Pre-judgment and post-judgment interest, as provided by law; and

      g.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       August 6, 2019

                             Respectfully submitted,

                             BORRELLI & ASSOCIATES, P.L.L.C.
                             *Attorneys for Plaintiff*
                             655 Third Avenue, Suite 1821
                             New York, New York 10017
                             Tel.    (212) 679-5000
                             Fax.    (212) 679-5005

By:                                 
                             JEFFREY R. MAGUIRE (JM 1982)
                             ALEXANDER T. COLEMAN (AC 1717)
                             MICHAEL J. BORRELLI (MB 8533)