# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Judith Cuevas (the "Plaintiff") on the one hand, and Between the Our Children First, Inc. ("OCF" or "Defendant"), on the other hand.

**WHEREAS**, Plaintiff commenced an action against Defendant in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 19-cv-07322 (JMF)(SDA) (the "Action") by filing a Complaint on August 6, 2019 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL") (the "Action");

**WHEREAS**, Defendant timely filed an Answer to the Complaint on September 30, 2019, and denies Plaintiff's allegations;

**WHEREAS**, on November 8, 2019, Plaintiff and Defendant (collectively the "Parties") engaged in a Court-supervised Settlement Conference with Magistrate Judge Aaron at which an agreement in principle was reached to settle the Action;

**WHEREAS**, on November 8, 2019 a Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge form signed by counsel for all Parties was filed with the Court, so-ordered by District Judge Furman;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendant's defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. <u>Mutual General Release by Plaintiff and Defendant.</u>

(a) In consideration of the payment to Plaintiff collectively by Defendant of the gross sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) (the "Settlement Amount"), Judith Cuevas hereby releases and forever discharges Our Children First, Inc., each of OCF's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by OCF, anyone deemed by Plaintiff to be an "employer" during her employment with OCF, and OCF's predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with OCF, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown wage-related claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, her heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions).

(b)     In consideration of the promises made in this Agreement, OCF, as well as its current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by OCF, anyone deemed by Plaintiff to be an "employer" during her employment with OCF, and OCF's predecessors, successors, parent companies, holding companies, and subsidiaries, administrators, and assigns, fully and forever release, acquit, and covenant not to initiate, sue or file any charges, claims or causes of action against Cuevas, or her agents, assigns, representatives, or successors, and holds Cuevas harmless from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, including, but not limited to, any claims or potential claims of any kind arising out of or in any manner relating to Cuevas's employment with OCF, whether based in statute, contract, tort, or any other legal or equitable theory of recovery whatsoever.

2.  <u>Dismissal of Action.</u>  The Parties agree to execute a "Stipulation of Dismissal with Prejudice," which will be filed with the Court along with the Motion for Approval of the Settlement Agreement no later than November 21, 2019, upon the following conditions being met: (a) Defendant's counsel receives a duly executed Agreement signed by Plaintiff; (b) Defendant's counsel receives a completed IRS Form W-9 for Plaintiff and Plaintiff's counsel; and (c) Defendant's counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3.  <u>Payments and Benefits.</u>

(a)  The Parties agree that the Settlement Amount shall be paid as follows:

i. Within seven (7) days of the date the Court "So Orders" the Stipulation of Dismissal with prejudice, Defendant shall issue the following to Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Garden City, New York 11530:

    a. one (1) check payable to "Judith Cuevas" in the total amount of Four Thousand Thirty Three Dollars and Thirty Three Cents ($4,033.33) as alleged back wages, less all lawful deductions, to be reported on an IRS W2 form;

    b. one (1) check payable to "Judith Cuevas" in the total amount of Four Thousand Thirty Three Dollars and Thirty Four Cents ($4,033.34) as alleged liquidated damages to be reported on an IRS 1099 form;

    c. one (1) check payable to "Borrelli & Associates, P.L.L.C.," as counsel for Judith Cuevas, in the total amount of Four Thousand Four Hundred Thirty Three Dollars and Thirty Three Cents ($4,433.33), representing attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiff and Plaintiff's counsel.

(b) No representation regarding the tax implications of this Agreement or the manner in which this Agreement may be treated by the Internal Revenue Service is made Defendant, nor should any such representation be implied by any language within this Agreement. Plaintiff agrees and understands that neither Defendant nor its attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Plaintiff agrees that she is responsible for determining the tax consequences of the Form 1099 payments in paragraphs 3(ii) and (iii) for paying taxes on those payments, if any, that may be owed by herself with respect to such payments. In the event a claim for such taxes and/or penalties and interest is asserted by any taxing authority, however, Plaintiff agrees to hold Defendant harmless, and indemnify Defendant from any payments Defendants may be required to

make to any taxing authority, as a result of the payment of the Form 1099 payments in paragraphs 3(ii) and (iii).

4.     Representations; Covenant Not to Sue.

(a)     Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees.  Plaintiff further agrees that she will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as a result of this Agreement. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

(b)     Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement.  Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights,

claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

(c) Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, she is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

5. <u>Disputes; Damages; Shifting Counsel Fees.</u> The Parties agree that, in any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

6. <u>Medicare/Medicaid:</u>

(a) Plaintiff affirms that she is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

(b) Plaintiff further represents that she is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of her employment with Releasees or anytime thereafter through the date of this Agreement. Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with Releasees. Plaintiff further agrees that she, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been

asserted or that may in the future exist or be asserted. In the event that any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

7. <u>Non-Admission.</u> The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

8. <u>Neutral Reference</u>. If Plaintiff seeks employment and/or if a potential employer of Plaintiff seeks a reference from OCF, OCF's response will be limited to Plaintiff's dates of employment and job title and informing the inquiring party that it is the policy of OCF to provide neutral references only.

9. <u>Severability</u>. If any term, provision, covenant, or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county, or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void, or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants, and restrictions in this Agreement shall remain in full force and effect.

10. <u>Governing Law</u>. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts-of-law principles. The Parties consent to the Court retaining jurisdiction of this matter until the settlement proceeds are paid in full.

11. <u>Headings</u>. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12. <u>Counterparts</u>.  This Agreement may be executed and delivered with facsimile or scanned and emailed signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>No Other Assurances</u>.  Plaintiff acknowledges that in deciding to sign this Agreement that Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to her by any Person except for what is expressly stated in this Agreement.  This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendant, and this Agreement supersedes, replaces, and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

14. <u>Entire Agreement; Modification</u>.  This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements or understandings (whether written or oral) of the parties relating to Plaintiff's employment or the cessation thereof.

15. <u>Opportunity For Review</u>.  Plaintiff represents and warrants that she: (i) has read this Agreement; (ii) understands all the terms and conditions thereof; (iii) is not incompetent or had a guardian, conservator, or trustee appointed for herself; (iv) has entered into this Agreement of her own free will and volition; (v) has duly executed and delivered this Agreement; (vi) understands that she is responsible for her own attorneys' fees and costs; (vii) has had the opportunity to review this Agreement with counsel; (viii) has been given a reasonable period of time to review this Agreement before signing it; and (ix) understands that this Agreement is valid, binding, and enforceable against the parties hereto in accordance with its terms.<u>Copies Effective as Original</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of this

Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

**IN WITNESS WHEREOF**, Plaintiff and Defendant has duly executed this Settlement and Release Agreement freely and voluntarily.

_____
Judith Cuevas


_____
Our Children First, Inc.
By: Armando Tellez
Title: President

Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

**IN WITNESS WHEREOF**, Plaintiff and Defendant has duly executed this Settlement and Release Agreement freely and voluntarily.

_____
Judith Cuevas


*Armando Tellez*
_____
Our Children First, Inc.
By: Armando Tellez
Title: President