USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judith Cuevas,

                Plaintiff,

-against-

Our Children First, Inc.,

                Defendant.

1:19-cv-07322 (SDA)

MEMORANDUM ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

       This case contains one or more claims arising under the Fair Labor Standards Act ("FLSA"). A settlement was reached by the parties at a settlement conference before me on November 8, 2019. The parties thereafter consented to have all proceedings held before me. (ECF No. 15.)

       On November 8, 2019, the Court ordered the parties to file a joint letter or motion addressing whether the settlement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF No. 16.) After the Court granted three extensions of time to submit this filing (ECF Nos. 18, 20, 22), the parties filed a joint letter seeking approval of the settlement. (*See* ECF No. 23.) Appended to the parties' joint letter was a heavily redacted retainer agreement signed by Judith Cuevas, retaining Borrelli & Associates PLLC as her counsel (the "Retainer Agreement"). (ECF No. 23-3.)

       Under *Cheeks*, a party seeking to settle FLSA claims with prejudice must obtain the approval of a district court or the Department of Labor. *Cheeks*, 796 F.3d at 206. "Where, as here, a proposed FLSA settlement includes the payment of attorneys' fees, the court must also consider the reasonableness of the fee award." *Flores v. Food Express Rego Park, Inc.*, 15 Civ. 1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016); *See Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d

362, 366 (S.D.N.Y. 2013). "For this reason, the retainer agreement between plaintiff and his counsel is not dispositive as to a proper division between them of the settlement," but it must nevertheless be considered by the Court. *Alvarez v. Sterling Portfolio Inv., LP*, No. 16-cv-5337, 2017 WL 8790990, at *2 (E.D.N.Y. Dec. 13, 2017). Indeed, when a district court considers the reasonableness of a FLSA settlement, the Retainer Agreement is not "immune from scrutiny" nor can the parties impede on "the Court's vital role under the FLSA as independent arbiter of a settlement's fairness, including assuring that its legal-fee component is free from over-reaching." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 231 (S.D.N.Y. 2016); *see also Chowdhury v. Brioni Am., Inc.*, No. 16 CIV. 344 (HBP), 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017) (considering the terms of a settlement agreement when approving the amount of attorneys' fees awarded).

As such, while redactions of personally identifiable information is permissible, see Fed. R. Civ. P. 5.2(a), the substantial redactions applied to the Retainer Agreement appear on their face not to be appropriate.

No later than Monday, December 9, 2019. Plaintiff shall file an unredacted Retainer Agreement[1] or shall make an adequate showing[2] why the redactions are "appropriate" as stated in the parties' December 3, 2019 letter. (*See* ECF No. 23 at 7.)

---

[1] Plaintiff is entitled to redact information as provided for in the Federal Rules of Civil Procedure without the Court's approval, namely, "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a).

[2] *Olano v. Designs by RJR, Ltd.*, No. 17-CV-5703, 2017 WL 4460771, at *2 (S.D.N.Y. Oct. 6, 2017) ("a 'judicial document' entitled to the strong 'presumption of public access,' which requires a 'substantial showing' to overcome.").

**SO ORDERED.**

DATED:  New York, New York
        December 4, 2019

_____
STEWART D. AARON
United States Magistrate Judge