# BORRELLI & ASSOCIATES
## —————— P.L.L.C. ——————
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

## **RETAINER AGREEMENT**

JUDITH CUEVAS, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("Client") and Borrelli & Associates, P.L.L.C. ("Firm"), agree to the following:

1. <u>Purpose</u>. To pursue a claim for damages arising out of Client's employment with Our Children First, Inc. and/or related entities/individuals by conducting any relevant necessary work in order to file a civil lawsuit and filing said lawsuit, if necessary, for unpaid wages and/or overtime violations and/or related claims. Firm is not obligated by this Agreement to prosecute any appeal or retrial on Client's behalf. Any additional claims or controversies will require the Client to enter into a new retainer agreement.

2. <u>Fees</u>. (A) The Firm will be entitled to a contingency fee of up to <u>40</u> % of the gross recovery of any settlement or award subject to, if applicable, court approval. If the Client agrees to a settlement structured over a period of time, the Firm will be entitled to any outstanding costs and legal fees prior to the Client receiving payments.

(B) <u>The Definition of Gross Recovery in this Agreement is</u>:

   (i) <u>Cash or its Equivalent:</u> Ordinarily, the gross recovery will equal the total number of dollars of the settlement or award.

   (ii) <u>Reinstatement and/or Non-Monetary Relief:</u> Should Firm achieve Client's reinstatement to employment or appointment to a different position, the Firm will be entitled to the applicable contingency percentage of the annual income anticipated to be earned within one year (including bonuses, commission, incentive payments, deferred compensation and employer contributions to any retirement plan or fund), whether or not the Client works a full year, or the Firm's billable hourly rates at the Firm's regular hourly rates. If other injunctive or declaratory relief is awarded or agreed to, the fee shall be calculated based upon the reasonable value of the relief. If Firm secures a no-contest to Client's application for unemployment compensation, that shall have a gross recovery value of $6,317.50 (calculated by halving the average number of weeks and amount of unemployment (36.1 x $350).

(C) The Firm will, if legally appropriate, move for an award of counsel fees for Client. Client assigns any attorney's fees awarded by the Court or designated attorney's fees as part of a settlement to the Firm. If attorneys' fees are negotiated as part of a settlement or are awarded by the Court, our fee will consist of outstanding costs plus the greater of: (1) the full amount of the attorneys' fees negotiated or awarded (which could result in a larger recovery for the Firm than the Client); or (2) the Firm may add the fees negotiated or

*JC*

awarded to the gross recovery generating a total recovery and accept the contingency percentage of that total recovery.

3. <u>Payment Options</u>. Client has rejected the option of paying a non-contingent retainer.

4. <u>Costs/Expenses</u>. Firm shall advance expenses related to this matter. Such expenses may include but are not limited to fees for: court filings, deposition transcripts, appraisals, experts, legal research, travel, process servers, postage, investigation, telephone charges, photocopies, mileage, parking, messenger service, and all expenses reasonably related to the representation. If at the conclusion of the representation, there remain unpaid expenses; Client will pay those immediately. If such amounts are not paid immediately, Firm shall deduct said amount from the Client's portion of any settlement or award. Firm will not bear costs and expenses and the Client remains ultimately responsible for costs and expenses of Client's case.

5. <u>No Guarantee as to the Value of Client's Claims</u>. Firm makes no representation as to the value of the claims or chances of success in the representation. The Firm cannot guarantee any results.

6. <u>Settlement</u>. The Client will not compromise or settle the case without active consultation with the Firm and the Firm shall settle claims only with the Client's consent. However, if Client gives the Firm consent and the Firm settles the matter, Client may be bound even before signing a formal written settlement agreement. If Client decides to challenge the validity of such settlement or fails to abide by such agreement, Firm is under no obligation to represent Client in such endeavor and may withdraw from representation. This constitutes a withdrawal for good cause.

7. <u>Power-of-Attorney to Negotiate Instruments</u>. Firm shall have power-of-attorney to execute all instruments or documents to consummate settlement on Client's behalf including but not limited to a stipulation of discontinuance with prejudice and any checks or other instruments payable to the Client.

8. <u>Withdrawal by the Firm</u>. Firm may withdraw from the representation for good cause. Good cause includes, but is not limited to: (1) the Client's failure to act in good faith; (2) the Client's failure to cooperate; (3) the Client's failure to actively participate in the furtherance of the claims; (4) Client's breach of any paragraph of this Agreement; (5) Client's refusal to follow the Firm's reasonable advice on a material matter; (6) the identification of any fact or circumstance that would render the Firm's continuing representation unlawful or unethical; (7) Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case; (8) the determination that Client has signed a waiver or release against an opposing party, that his/her claims are time-barred, or that he/she has not alleged a meritorious action; (9) adverse new developments such as new law or adverse facts or (10) the employer or potential defendant's petition or discharge in bankruptcy rendering Client's claim is futile or no longer viable. If the Firm withdraws from its representation, the Firm will comply with DR 1.16 of the New York Rules of Professional Responsibility, which states in pertinent part that…a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that

Client Initials 

has not been earned and complying with applicable laws and rules.

9. <u>Client's Right to Discharge Firm</u>. Client shall have the right to discharge Firm at any time. In the event of a good cause withdrawal or a discharge, Firm is entitled to immediate payment of any amounts owed. Firm will also maintain a lien on Client's claim(s) as enumerated in Section 1, including any cause of action or lawsuit filed thereon or any recovery, whether by settlement, judgment, compromise or otherwise in any action that Client has filed. The amount of the lien will include the Firm's Contingency Fee.

10. <u>Existing Liens</u>. Client represents that if another attorney/firm has an interest or lien in this matter or is owed any fee for services provided the Client in connection with this case, Client is solely responsible for payment of any liens and shall indemnify and hold harmless the Firm from any such liens or encumbrances.

11. <u>Client Retains the Firm, Not One Specific Attorney</u>. Firm reserves the right to assign and delegate representation of Client to any attorney(s) within the Firm at its sole discretion.

12. <u>Timeliness of Claim / Statute of Limitations</u>. No claim can be brought for Client unless it is timely. A "statute of limitations" requires a claim be filed within a certain time period. That period varies depending on jurisdiction and type of claim. We will use reasonable diligence to inform client of any time issues.

13. <u>Conflicts of Interest</u>. Firm may represent more than one client in this action. In cases involving multiple representations, potential conflicts of interest may arise. We currently do not have any conflicts of interest in representing you. If a conflict should arise, we will advise you immediately and determine whether a waiver or withdrawal is necessary.

14. <u>Confidentiality of Dispute Between Client and Firm</u>. To the extent that any dispute arises between the Firm and Client, the Firm and Client agree not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization (except to his/her legal and financial advisor(s), immediate family members, a governmental regulatory authority, bar association, or as required by law) any information regarding the nature, facts or circumstances underlying the dispute. This confidentiality provision shall include social media postings and any other publishing of any facts and circumstances surrounding any dispute between the firm and client. Any damages associated with a breach of confidentiality will be determined by an arbitrator. Both the Firm and Client agree to keep all disputes strictly confidential.

15. <u>Obligation to submit disputes to binding arbitration</u>. Client and Firm voluntarily consent to binding arbitration of any and all disputes between the Firm (including its employees) and Client. This arbitration clause covers any and all disputes arising out of, concerning, or related to the Firm's representation of Client and/or the Firm's relationship with Client and is intended to be as broad as permitted by law and any dispute regarding the applicability of this clause is to be decided in arbitration. Arbitration is different in many respects from litigation in court. By agreeing to arbitration, Client is knowingly and voluntarily waiving the right to participate in a class action against the Firm. By entering into this Agreement, you submit to binding arbitration and agree that the arbitrator's decision will be binding, conclusive, and non-appealable.

The only exception to the above paragraph is that Client retains the right to pursue fee disputes pursuant to

Client Initials 

Part 137 of the Rules of the Chief Administrator of the Courts of New York ("Part 137"). A copy of said rules will be provided in the event of a dispute; they are also available online at www.courts.state.ny.us/fee.gov. If client chooses to arbitrate pursuant to Part 137, Firm and Client agree that such decision will be final and not subject to further review. **FOR NYC BAR-LRS clients only** – Client and Firm agree Part 137 monetary limits are waived and inapplicable to this Agreement,. In addition, if Part 137 declines a dispute because of the view that the dispute involves substantial legal questions, Firm consents to arbitration by any arbitral body selected by the NYC BAR. Further, NYC BAR-LRS clients will have a 45 day notice period to elect arbitration pursuant to Part 137.

Except for a Part 137 fee dispute, the arbitration will be at Settlement Systems, Inc. ("SSI") located at 865 Merrick Ave., Ste. 180-N, Westbury, NY 11590 (www.ssiadr.com). All arbitration fees will be split and arbitration will be governed by the rules of the American Arbitration Association.

16. <u>Client Fully Understands This Agreement</u>. Client has read and understands all of the terms and conditions of this Agreement and is signing this Agreement voluntarily and of his/her own free will.

17. <u>Severability</u>. If any provision of this Agreement is held to be invalid, unethical, or unenforceable, the remaining provisions shall remain in full force and effect.

18. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior verbal or written agreements or understandings.

19. <u>Class Action and Class Representative</u>: Firm intends to prosecute the action, pursuant to court approval, as a class action. Firm shall undertake and use their best efforts to obtain class certification. Client agrees that Client will serve as a "NAMED PLAINTIFF" and "CLASS REPRESENTATIVE" in the action, if requested by the firm.

Dated: _____C 16 19_____    _____
Garden City, New York          MICHAEL J. BORRELLI, ESQ.

_Judith Cuevas_
Client's Signature

Judith Cuevas
Client's Name (Print)

Primary E-mail Address

Client Initials __JC__